**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| _____ ) | | |
| Prometheus Global Media, LLC, ) | | Civil Action No. 1:13-cv-3578 |
| ) | | |
| Plaintiff ) | | |
| ) | | |
| vs. ) | | |
| ) | | JURY TRIAL |
| Olympian Group, LLC d/b/a ) | | DEMANDED |
| Billboard Live, ) | | |
| Corey Bradford, ) | | |
| Robert Respress, ) | | |
| Terrence Brown Lee, ) | | |
| Michael Irvin, ) | | |
| Khalid Parrett ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

**COMPLAINT FOR TRADEMARK AND SERVICE MARK INFRINGEMENT,
UNFAIR COMPETITION, DILUTION, DECEPTIVE TRADE PRACTICES,
CYBERSQUATTING AND COUNTERFEITING**

Prometheus Global Media, LLC (hereinafter "Plaintiff"), brings this action against

Olympian Group, an Illinois Limited Liability Company, doing business as Billboard Live and

Billboard Live Chicago, and Corey Bradford, Robert Respress, Terrence Brown Lee, Michael

Irvin, and Khalid Parrett (collectively "Defendants"), and complains and alleges as follows:

***Jurisdiction and Venue***

1.      This is a civil action arising under the trademark laws of the United States, Title

15, United States Code, Sections 1114, 1125, and 8131.   This Court has subject matter

jurisdiction pursuant to 15 U.S.C. Section 1121, and 28 U.S.C. Sections 1331, 1338, and 1367(a)

because this Complaint raises federal questions under the Lanham Act, and it involves State

causes of action, including claims of statutory and common-law trademark infringement, dilution, unfair competition, unfair trade practices, cyber squatting, and counterfeiting.

2.     Personal jurisdiction over Defendant Olympian Group, LLC d/b/a Billboard Live and Billboard Live Chicago (hereinafter "Olympian Group") is vested in the United States District Court for the Northern District of Illinois because, upon information and belief, Olympian Group does business in Markham, Illinois and its acts within or directed toward Illinois have caused Plaintiff's injuries alleged herein.  Defendant Olympian Group actively promotes its services and products in Illinois, has advertised in Illinois, and has an Internet site that is accessed by consumers located in Illinois.

3.     Personal jurisdiction over Defendant Corey Bradford (hereinafter "Bradford") is vested in the United States District Court for the Northern District of Illinois because, upon information and belief, Corey Bradford does business in Markham, Illinois and his acts within or directed toward Illinois have caused Plaintiff's injuries alleged herein.  Defendant Corey Bradford actively promotes his services and products in Illinois, has advertised in Illinois, and has an Internet site that is accessed by consumers located in Illinois.

4.     Personal jurisdiction over Defendant Robert Respress (hereinafter "Respress") is vested in the United States District Court for the Northern District of Illinois because, upon information and belief, Respress does business in Markham, Illinois and his acts within or directed toward Illinois have caused Plaintiff's injuries alleged herein.  Defendant Respress actively promotes his services and products in Illinois, has advertised in Illinois, and has an Internet site that is accessed by consumers located in Illinois.

5.     Personal jurisdiction over Defendant Terrence Brown Lee (hereinafter "Brown Lee") is vested in the United States District Court for the Northern District of Illinois because,

upon information and belief, Brown Lee does business in Markham, Illinois and his acts within or directed toward Illinois have caused Plaintiff's injuries alleged herein. Defendant Brown Lee actively promotes his services and products in Illinois, has advertised in Illinois, and has an Internet site that is accessed by consumers located in Illinois.

6.     Personal jurisdiction over Defendant Michael Irvin (hereinafter "Irvin") is vested in the United States District Court for the Northern District of Illinois because, upon information and belief, Irvin does business in Markham, Illinois and his acts within or directed toward Illinois have caused Plaintiff's injuries alleged herein. Defendant Irvin actively promotes his services and products in Illinois, has advertised in Illinois, and has an Internet site that is accessed by consumers located in Illinois.

7.     Personal jurisdiction over Defendant Khalid Parrett (hereinafter "Parrett") is vested in the United States District Court for the Northern District of Illinois because, upon information and belief, Parrett does business in Markham, Illinois and his acts within or directed toward Illinois have caused Plaintiff's injuries alleged herein. Defendant Parrett actively promotes his services and products in Illinois, has advertised in Illinois, and an Internet site that is accessed by consumers located in Illinois.

8.     Venue is proper under 28 U.S.C. § 1391(b) in that the claim arose in this district and under 28 U.S.C. § 1391(c).

## *The Parties*

9.     Plaintiff Prometheus Global Media, LLC is a Delaware Limited Liability Company and has an office and place of business at 770 Broadway, New York, New York 10003-9595. Plaintiff is in the business of providing goods and services in the field of music and music-related entertainment, including its famous music charts and music awards,

**entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events**, and providing information, websites, publications, charts, audio cassettes, clothing, and other related goods and services in the field of music and music-related entertainment.

10.     Defendant Olympian Group, upon information and belief, is an Illinois Limited Liability Company and has offices and places of business at 2024 West 163 Street, Markham, IL 60428 and 3473 King Drive, Chicago, IL 60616.  Upon information and belief, Olympian Group is in the business of nightclub operations in the field of music and music-related entertainment, and regularly conducts business in Markham, Illinois.  The listed agent of Olympian Group for service of process is: Robert Respress, 3473 S King Drive, P.O. Box 490, Chicago, IL 60616.

11.     Defendant Bradford is an individual having residence at 11820 S. Loomis Street Chicago, IL 60643.  Upon information and belief, Bradford owns and/or controls Olympian Group, and has places of business at 2024 West 163 Street, Markham, IL 60428 and/or 3473 King Drive, Chicago, IL 60616.

12.     Upon information and belief, Defendant Respress is an individual who owns and/or controls Olympian Group and has places of business at 2024 West 163 Street, Markham, IL 60428 and/or 3473 King Drive, Chicago, IL 60616. Defendant Respress is also listed as a registered agent for Defendant Olympian Group.

13.     Defendant Brown Lee is an individual having residence at 4545 207th Street Matteson, IL 60443. Upon information and belief, Brown Lee owns and/or controls Olympian Group, and has places of business at 2024 West 163 Street, Markham, IL 60428 and/or 3473 King Drive, Chicago, IL 60616.

14.    Defendant Irvin is an individual having residence at 10948 S. Parnell Ave, Chicago, IL 60628. Upon information and belief, Irvin owns and/or controls Olympian Group, and has places of business at 2024 West 163 Street, Markham, IL 60428 and/or 3473 King Drive, Chicago, IL 60616.

15.    Defendant Parrett is an individual having residence at 17 W. 112th Place, Chicago, IL 60628.  Upon information and belief, Parrett owns and/or controls Olympian Group, and has places of business at 2024 West 163 Street, Markham, IL 60428 and/or 3473 King Drive, Chicago, IL 60616.

### *Background*

16.    Plaintiff uses and owns a large number of BILLBOARD and BILLBOARD LIVE trademarks and service marks (hereinafter "BILLBOARD Family of Marks") in the field of music, music-related entertainment and live performances, and music-related goods, including its famous music charts and music awards, entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events, providing information, websites, software applications, publications, charts, audio cassettes, clothing, and other related goods and services in the field of music and music-related entertainment.

17.    Some of the BILLBOARD Family of Marks include: BILLBOARD LIVE, Registration No. 2,127,879, issued January 6, 1998, for providing entertainment services in the nature of music provided by a musical group and/or solo artist;  BILLBOARD LIVE & Design, Registration No. 2,290,642, issued November 2, 1999, for providing entertainment services in the nature of providing live music; BILLBOARD LIVE, Registration No. 3,858,349, issued October 5, 2010 for  arranging and conducting nightclub entertainment events, presentation of musical performance, presentation of live show performances; BILLBOARD, Registration No.

4,211,680, issued September 18, 2012, for a wide range of goods and services including entertainment services in the nature of providing live musical performances; U.S. Trademark Application No. 85-383207 for BILLBOARD LIVE for restaurant and bar services; BILLBOARD LIVE, Registration No. 2,319,617, issued February 15, 2000, for clothing; BILLBOARD.COM, Registration No. 2,202,505, issued November 10, 1998, for providing information in the field of music and music-related entertainment by means of a multi-user global computer information network; BILLBOARD ONLINE, Registration No. 2,176,161, issued July 28, 1998, for providing interactive computer databases featuring information in the fields of music and entertainment and an on-line magazine; BILLBOARD INFORMATION NETWORK BIN, Registration No. 1,330,209, issued April 9, 1985, for providing on-line computer based information services in the music and entertainment field; BILLBOARD BULLETIN, Registration No. 2,160,124, issued May 26, 1998, for news reports about the music and entertainment industry; BILLBOARD, Registration No. 1,660,589, issued October 15, 1991, for audio cassettes, audio compact discs and phonograph records featuring music; BILLBOARD, Registration No. 1,528,168, issued March 7, 1989, for magazines about the music and entertainment industry, posters, sound recordings, popularity charts, and video charts; BILLBOARD, Registration No. 2,082,353, issued July 22, 1997, for clothing, namely, T-shirts, polo shirts, shorts, jackets, wind resistant jackets, sweat pants, sweat shirts, caps, head bands, wrist bands, sun visors, hats, and scarves; BILLBOARD 200, Registration No. 1,704,965, issued August 4, 1992, for sound recording popularity charts issued periodically, as well as many other trademarks and service marks and common-law rights. Copies of the above-mentioned trademark registrations/applications are attached hereto as Exhibit A.

18.     Plaintiff has registered and maintains websites at the Domain Names BILLBOARDLIVE.COM created March 16, 2007, BILLBOARD.COM created November 7, 1996 and BILLBOARD.BIZ created March 27, 2002, through which it provides information in the field of music and music-related entertainment by means of a multi-user global computer information network and promotes its BILLBOARD Family of Marks and its goods and services within the music-related entertainment field.

19.     Plaintiff has extensively employed, advertised, and publicized the BILLBOARD Family of Marks to identify its services and goods domestically and internationally.  As a result of such advertising and expenditures, Plaintiff has established the BILLBOARD Family of Marks, and, in particular, the marks BILLBOARD and BILLBOARD LIVE as famous and strong marks.

20.     The BILLBOARD and BILLBOARD LIVE marks have become widely known and recognized throughout the United States and worldwide as a symbol of high-quality services and goods in the entertainment industry through various media, including the Internet.

### *Defendant's Activities*

21.     On information and belief, in June, 2012, Defendants began operating a nightclub under the name BILLBOARD LIVE at 2024 W 163 Street, Markham, IL 60428.

22.     On information and belief, Defendants filed an assumed name for "Billboard Live" with the Illinois Secretary of State on July 25, 2012.

23.     On information and belief, Defendants registered the domain BILLBOARDLIVECHICAGO.COM on June 13, 2012 and have been advertising the nightclub's services, namely, entertainment services in the nature of providing live music,

musical performances, live show performances and entertainment events, on the website under the name BILLBOARD LIVE since then.

24.     On information and belief, in June 2012, Defendants began advertising the nightclub's services, namely entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events, under the name BILLBOARD LIVE on social media sites, such as Facebook, Twitter and Instagram.

25.     On information and belief, in June 2012 Defendants applied the name BILLBOARD LIVE to signage on the outside of the nightclub and inside the nightclub, and in print advertisements.

26.     On information and belief, at the time Defendants decided to use the BILLBOARD LIVE mark, they were aware of Plaintiff's BILLBOARD Family of Marks, and the federal registrations thereof, and willfully intended to trade on Plaintiff's reputation, to cause confusion with Plaintiff's BILLBOARD Family of Marks, and to cause dilution of Plaintiff's famous marks.

27.     On information and belief, Defendants Bradford, Respress, Brown Lee, Irvin, and Parrett, individually, have caused and directed the actions alleged in paragraphs 21-26.

28.     On information and belief, Defendants plan to continue using the names BILLBOARD and BILLBOARD LIVE to advertise the nightclub's services, namely, entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events, on signage on the outside of the nightclub and inside of the nightclub, and in print advertisements.

29.             On information and belief, Defendants have plans to continue using the domain name BILLBOARDLIVECHICAGO.COM in connection with the nightclub's services

in the field of music and music-related entertainment including providing live music, musical performance, live show performances and entertainment events.

30.    On information and belief, Defendants have plans to continue using the name BILLBOARD LIVE to advertise the nightclub's services, namely, entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events, on social media sites such as Facebook, Twitter and Instagram.

31.    On information and belief, Defendants Bradford, Respress, Brown Lee, Irvin, and Parrett, individually, will continue to cause and direct the actions alleged in paragraphs 28-30.

32.    Defendants' activities are likely to cause confusion, mistake or deception among the public and are likely to lead and have led the public to erroneously conclude that the goods and services offered by Defendants originate with, and/or are sponsored by, and/or are authorized by Plaintiff to the damage and harm of Plaintiff and the public.

33.    Defendants' activities are likely to and have caused irreparable injury to Plaintiff's reputation and goodwill.

34.    Defendants' continued activities cause dilution of the distinctive quality of the Plaintiff's BILLBOARD Family of Marks and will cause further irreparable harm to Plaintiff, its business reputation, and goodwill for which Plaintiff has no adequate remedy at law.

35.    Plaintiff has notified Defendants of its rights in the BILLBOARD Family of Marks and has requested that Defendants immediately cease their infringing activities by letters sent on February 11, 2013, March 4, 2013 and April 22, 2013 (attached hereto as Exhibits B, C, and D respectively).  The March 4, 2013 letter was personally served on Defendant Parrett at Defendants' place of business at 2024 West 163 Street, Markham, IL 60428 (a copy of affidavit of service is attached hereto as Exhibit E).  The April 22, 2013 letter was personally served on

Defendant Olympian Group at Defendants' place of business at 2024 West 163 Street, Markham, IL 60428 (a copy of affidavit of service is attached hereto as Exhibit F). Notwithstanding the notifications provided by Plaintiff, Defendants have continued to use the BILLBOARD and BILLBOARD LIVE trademarks in violation of Plaintiff's rights.

### *Claim One – Trademark And Service Mark Infringement Under Section 32 Of The Lanham Act*

36.     Plaintiff re-alleges the allegations contained in Paragraphs 1-35 as if fully set forth herein.

37.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114 (1)(a), prohibits the use in commerce, without the consent of the registrant, of any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

38.     By the acts described above, Defendants' use of Plaintiff's trademarks BILLBOARD and BILLBOARD LIVE, and their use and registration of the domain name BILLBOARDLIVECHICAGO.COM in connection with the sale, offering for sale, distribution and advertising of goods and services which are identical or confusingly similar to those offered by Plaintiff constitute willful infringement of Plaintiff's federally registered BILLBOARD Family of Marks in violation of Section 32(1)(a) of the Lanham Act.

39.     By the acts described above, Defendants' registration and use of the Domain Name BILLBOARDLIVECHICAGO.COM, and their use of the trademarks BILLBOARD and BILLBOARD LIVE have caused, and are likely to cause confusion as to the source, sponsorship, or origin of the goods and/or services offered under the trademarks and the Domain Name.

Among other things, the Domain Name confuses Internet users searching for ownership information, and misleads users who are searching for Plaintiff's site, but are lured to Defendants' site. The Domain Name hinders Plaintiff's own ability to offer its services in commerce over the Internet. Defendants' Domain Name thus infringes the federally registered and applied for BILLBOARD Family of Marks in violation of Section 32(1)(a) of the Lanham Act.

40. Plaintiff has suffered and will continue to suffer irreparable harm as a result of such infringement of its BILLBOARD Family of Marks.

### *Claim Two – False Designation of Origin and Unfair Competition*

41. Plaintiff re-alleges all allegations contained in Paragraphs 1-40 as if fully set forth herein.

42. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides that

Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or in commercial advertising or promotion, misrepresents the (B) nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is not likely to be damaged by such act.

43. Defendants' use of the trademarks BILLBOARD and BILLBOARD LIVE, trade name BILLBOARD LIVE and Domain Name BILLBOARDLIVECHICAGO.com, and Facebook page, www.Facebook.com/BillboardLiveChicago, constitute statutory unfair competition under Section 43(a) of the Lanham Act. Defendants' unauthorized use, in interstate

commerce, of the BILLBOARD and BILLBOARD LIVE marks in connection with goods and services that are identical to those offered by Plaintiff, but are, in fact, not offered by Plaintiff, or otherwise affiliated with, endorsed by, or sponsored by Plaintiff, constitute a false designation of origin that is likely to cause confusion, mistake, or deception as to the affiliation or connection of the nightclub, trade name, website, domain name and social media feeds with Plaintiff. All such acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of such false designation of origin.

### *Claim Three – Dilution*

45.     Plaintiff re-alleges the allegations contained in Paragraphs 1-44 as if fully set forth herein.

46.     The BILLBOARD Family of Marks has become famous and distinctive throughout the United States and throughout the world through Plaintiff's continuous and exclusive use of the marks in connection with Plaintiff's services and goods.

47.     Because Plaintiff's services and goods have gained a reputation for superior quality and excellence, the BILLBOARD Family of Marks, which are always used in connection with Plaintiff's services and goods in the music-related industry, have gained substantial fame, renown, and good will in the United States and throughout the world.

48.     Defendants' use of BILLBOARD and BILLBOARD LIVE as a trademark and Domain Name has caused and continues to cause irreparable injury to and dilution of the BILLBOARD Family of Marks' distinctive quality in violation of Plaintiff's rights under 15 U.S.C. § 1125 (c). Defendants' use of BILLBOARD and BILLBOARD LIVE dilutes, blurs,

tarnishes, and whittles away the distinctiveness of Plaintiff's BILLBOARD Family of Marks. Defendants' use of BILLBOARD and BILLBOARD LIVE further misappropriates the good will of the BILLBOARD Family of Marks.

49.     As a direct and proximate result, Plaintiff has suffered and continues to suffer irreparable harm to its valuable BILLBOARD Family of Marks.  Unless the BILLBOARD and BILLBOARD LIVE name is removed from all signage and advertising, and the domain name BILLBOARDLIVECHICAGO.COM is transferred and/or forfeited to Plaintiff, Plaintiff will continue to be irreparably harmed.

50.     Plaintiff has no adequate remedy at law that will compensate it for the continued and irreparable harm it will suffer if the signage and advertising is not removed and if the Domain Name is not transferred and/or forfeited to Plaintiff.

### *Claim Four – Common Law Trademark Infringement and Unfair Competition*

51.     Plaintiff re-alleges the allegations contained in Paragraphs 1-50 as if fully set forth herein.

52.     The foregoing acts of Defendant constitute trademark and service mark infringement and unfair competition in violation of the common law of Illinois.

53.     Plaintiff has continuously used its BILLBOARD Family of Marks throughout the United States, including in the state of Illinois, and throughout the world since well prior to Defendants' initiation of its infringing activities in June 2012.

54.     By the acts described above, Defendants' use of Plaintiff's trademarks BILLBOARD and BILLBOARD LIVE, and their use and registration of the domain name BILLBOARDLIVECHICAGO.COM in connection with the sale, offering for sale, distribution

and advertising of goods and services which are identical or confusingly similar to those offered by Plaintiff constitute willful infringement of Plaintiff's BILLBOARD Family of Marks in violation of Plaintiff's Illinois common law rights.

55.     By the acts described above, Defendants' registration and use of the Domain Name BILLBOARDLIVECHICAGO.COM, and their use of the trademarks BILLBOARD and BILLBOARD LIVE have caused, and is likely to cause confusion or mistake or to deceive as to the source of origin of the goods and/or services offered under the trademarks and the Domain Name.  Among other things, the Domain Name confuses Internet users searching for ownership information, and misleads users who are searching for Plaintiff's site, but are lured to Defendants' site.  The Domain Name hinders Plaintiff's own ability to offer its services in commerce over the Internet.  Defendants' Domain Name thus infringes Plaintiff's Illinois common law rights in the BILLBOARD Family of Marks.

56.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of such trademark and service mark infringement and unfair competition.

### *Claim Five – Statutory Trademark Infringement*

57.     Plaintiff re-alleges the allegations contained in Paragraphs 1-56 as if fully set forth herein.

58.     The foregoing acts of Defendant constitute trademark and service mark infringement in violation of Illinois Compiled Statutes Chapter 765, Section 1036/60.

59.     765 ILCS 1036 § 60 provides that:

[A] person shall be liable in a civil action by the registrant for any and all of the remedies provided in Section 70 of this Act if the person: (a) uses, without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of a mark registered under this Act in connection with the sale, distribution, offering for sale, or advertising of

any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services.

60.     By the acts described above, Defendants' use of Plaintiff's trademarks BILLBOARD and BILLBOARD LIVE, and their use and registration of the domain name BILLBOARDLIVECHICAGO.COM in connection with the sale, offering for sale, distribution and advertising of goods and services which are identical or confusingly similar to those offered by Plaintiff constitute willful infringement of Plaintiff's federally registered BILLBOARD Family of Marks in violation of 765 ILCS 1036 § 60.

61.     By the acts described above, Defendants' registration and use of the Domain Name BILLBOARDLIVECHICAGO.COM, and their use of the trademarks BILLBOARD and BILLBOARD LIVE have caused, and is likely to cause confusion or mistake or to deceive as to the source of origin of the goods and/or services offered under the trademarks and the Domain Name.  Among other things, the Domain Name confuses Internet users searching for ownership information, and misleads users who are searching for Plaintiff's site, but are lured to Defendants' site.  The Domain Name hinders Plaintiff's own ability to offer its services in commerce over the Internet.  Defendants' Domain Name thus infringes the federally registered and applied for BILLBOARD Family of Marks in violation of 765 ILCS 1036 § 60.

62.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of such trademark infringement.

### *Claim Six – Illinois State Dilution*

63.     Plaintiff re-alleges all allegations contained in Paragraphs 1-62 as fully set forth herein.

64.     The foregoing acts of Defendants have injured the business of Plaintiff and have diluted the distinctive quality of Plaintiff's BILLBOARD Family of Marks, and constitute dilution under Illinois Compiled Statutes Chapter 765, Section 1036/65. Defendants' dilution of Plaintiff's famous marks has been willful.

65.     Pursuant to 765 ILCS 1036 § 65:

The owner of a mark which is famous in this State shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use of a mark or tradename, if the use begins after the mark has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this Section.

66.     The BILLBOARD Family of Marks has become famous and distinctive throughout the United States, including in the State of Illinois, and throughout the world through Plaintiff's continuous and exclusive use of the marks in connection with Plaintiff's services and goods.

67.     Because Plaintiff's services and goods have gained a reputation for superior quality and excellence, the BILLBOARD Family of Marks, which are always used in connection with Plaintiff's services and goods in the music-related industry, have gained substantial fame, renown, and good will in the United States, including in the State of Illinois, and throughout the world.

68.     Plaintiff's registered websites BILLBOARDLIVE.COM, BILLBOARD.COM, and BILLBOARD.BIZ, through which it provides information in the field of music and music-related entertainment by means of a multi-user global computer information network and

promotes its BILLBOARD Family of Marks and its goods and services within the music-related entertainment field, are accessible to residents of the State of Illinois. Plaintiff has extensively employed, advertised, and publicized the BILLBOARD Family of Marks to identify its services and goods in the State of Illinois. As a result of such advertising and expenditures, Plaintiff has established the BILLBOARD Family of Marks, and, in particular, the marks BILLBOARD and BILLBOARD LIVE as famous and strong marks within the State.

69. Defendants' use of BILLBOARD and BILLBOARD LIVE as a trademark and Domain Name, which began after Plaintiff's BILLBOARD and BILLBOARD LIVE marks became famous, has caused and continues to cause irreparable injury to and dilution of the BILLBOARD Family of Marks' distinctive quality in violation of Plaintiff's rights under 765 ILCS 1036 § 65. Defendants' use of BILLBOARD and BILLBOARD LIVE dilutes, blurs, tarnishes, and whittles away the distinctiveness of Plaintiff's BILLBOARD Family of Marks. Defendants' use of BILLBOARD and BILLBOARD LIVE further misappropriates the good will of the BILLBOARD Family of Marks.

70. As a direct and proximate result, Plaintiff has suffered and continues to suffer irreparable harm to its valuable BILLBOARD Family of Marks. Unless the BILLBOARD and BILLBOARD LIVE name is removed from all signage and advertising, and the domain name BILLBOARDLIVECHICAGO.COM is transferred and/or forfeited to Plaintiff, Plaintiff will continue to be irreparably harmed.

71. Plaintiff has no adequate remedy at law that will compensate it for the continued and irreparable harm it will suffer if the signage and advertising is not removed and if the Domain Name is not transferred and/or forfeited to Plaintiff.

72.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of such dilution of its trademarks.

### *Claim Seven – Illinois Deceptive Practices Act*

73.     Plaintiff re-alleges all allegations contained in Paragraphs 1-72 as fully set forth herein.

74.     The foregoing acts of Defendants constitute willful deceptive acts in violation of Illinois Compiled Statutes Chapter 815, Section 505.

75.     815 ILCS 505 prohibits:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce.

76.     Defendants have been aware of Plaintiff's BILLBOARD Family of Marks, and the federal registrations thereof, since at least as early as February 11, 2013.  Defendants have knowingly and willfully continued to use the substantially identical and confusingly similar BILLBOARD and BILLBOARD LIVE marks in connection with Defendant's operation of the nightclub and advertisement of the nightclub's services, namely entertainment services in the nature of providing live music, musical performance, live show performances and entertainment events.

77.     Defendants' unfair and deceptive use of the BILLBOARD and BILLBOARD LIVE marks was done with the intent to cause confusion, mistake, or deception as to the

affiliation or connection of the nightclub, trade name, website, domain name and social media feeds with Plaintiff, in violation of 815 ILCS 505.

78.     Plaintiff has suffered and will continue to suffer irreparable harm as a result of Defendants' actions.


### *Claim Eight – Anticybersquatting Under Section 43(d) Of The Lanham Act*

79.     Plaintiff re-alleges all allegations contained in Paragraphs 1-78 as fully set forth herein.

80.     Section 43(d)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A), provides that

A person shall be liable in a civil action by the owner of a mark, including a personal name, which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person-

(ii) registers, traffics in, or uses a domain name that  (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark (II) in the case of a famous mark that is famous at the time of registration of the domain name, is identical or confusingly similar to or dilutive of that mark; or (III) is a trademark, word, or name protected by reason of section 706 of title 18, United States Code, or section 220506 of title 36, United States Code.

81.     The Domain Name BILLBOARDLIVECHICAGO.COM was registered on June 13, 2012 via GODADDY.COM long after Plaintiff adopted its BILLBOARD Family of Marks and long after these marks became distinctive and famous.

82.     The Domain Name BILLBOARDLIVECHICAGO.COM is confusingly similar to and dilutive of the BILLBOARD Family of Marks.

83.     The     registration     by     Defendants     of     the     Domain     Name BILLBOARDLIVECHICAGO.COM, which is identical and confusingly similar with Plaintiff's BILLBOARD Family of Marks, is a violation of Section 43(d)(1)(A) of the Lanham Act.

84.     Upon information and belief, in registering the Domain Name, Defendants have acted with a bad faith intent to profit from the widely recognized and distinctive BILLBOARD Family of Marks and the good will associated therewith.

85.     Defendants' registration and/or use of the Domain Name constitutes acts of cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

### *Claim Nine – Counterfeiting Under Section 32(1)(a) Of The Lanham Act*

86.     Plaintiff re-alleges all allegations contained in Paragraphs 1-85 as fully set forth herein.

87.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(a), prohibits the use in commerce, without the consent of the registrant, of

> Any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods of services on or in connection with which such use is likely to cause confusion, or to cause a mistake, or to deceive…

88.     Through the acts described above, Defendants are using "counterfeits" of the federally-registered BILLBOARD Family of Marks, within the meaning of Subsection 34(d)(B) and Section 45 of the Lanham Act, 15 U.S.C. §§ 1116 (d)(1)(B) and 1127, and in a manner that violates Section 32(I)(a) of the Lanham Act.  Defendants have been using Plaintiff's registered trademarks without consent or authorization from Plaintiff for use in any manner at any time.

## ***DEMAND FOR JURY TRIAL***

89.     Plaintiff demands a trial by jury on all claims and issues so triable.

## ***PRAYERS FOR RELIEF***

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

1.     Defendants and their officers, members, managers, affiliates, agents, employees, servants, representatives, and all persons acting under or in concert with them be preliminarily enjoined throughout the pendency of this lawsuit, and permanently enjoined thereafter, from using the marks BILLBOARD and BILLBOARD LIVE, and any other mark, word or name confusingly similar to, phonetically equivalent to, or including the marks BILLBOARD and BILLBOARD LIVE, anywhere, including, but not limited to, signage, advertisements, domain names, internet, social media, trade name, LLC name;

2.     The BILLBOARDLIVECHICAGO.COM Domain Name be preliminarily and permanently transferred to Plaintiff and/or forfeited by Defendants;

3.     Defendants be required to account and pay to Plaintiff all profits derived as a result of the activities complained of herein;

4.     Defendants be required to pay to Plaintiff damages sustained as a result of the activities complained of herein including statutory damages  as provided by 15 U.S.C. §1117(d);

5.     Defendants be required to pay increased damages due to their willful infringement;

6.     Defendants be required to pay costs and attorney fees; and

7.     For such other and further relief as this Court deems just and proper.

Respectfully submitted,


May 14, 2013

   /s/ Anthoula Pomrening
S. Richard Carden (IL Bar No. 6269504)
carden@mbhb.com
Anthoula Pomrening (IL Bar No. 06270943)
pomrening@mbhb.com
McDonnell Boehnen Hulbert & Berghoff LLP
300 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 913-0001
Facsimile: (312) 913-0002


OF COUNSEL

Gene S. Winter
Tatyana Voloshchuk
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford Street
Stamford, Connecticut  06905-5619
Telephone: (203) 324-6155
Facsimile: (203) 327-1096
Email: gwinter@ssjr.com
       tvoloshchuk@ssjr.com
       litigation@ssjr.com

ATTORNEYS FOR PLAINTIFF